UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWAN BOGAN,

        Petitioner,

v.                                                    Case No. 18-C-1749

AVERY MCKENZIE,

        Respondent.

## SCREENING ORDER

Petitioner Antwan Bogan, who is currently incarcerated at the Milwaukee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner moves for leave to proceed without prepayment of the $5.00 filing fee applicable to § 2241 petitions and has filed his prison trust account statement. Upon review of Petitioner's motion and prison trust account statement, the court finds that Petitioner does not have sufficient assets to pay the $5.00 filing fee. Accordingly, Petitioner's motion for leave to proceed without prepayment of the filing fee will be granted.

I must give prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to answer.

Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to cases brought under § 2241 as well. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006).

Petitioner, a pretrial detainee, seeks relief under § 2241. He asserts that law enforcement gave false information to a judge to secure a search warrant, which resulted in an illegal search and seizure of personal property. These claims are related to Petitioner's ongoing federal criminal case, *United States v. Bogan*, Case No. 17-cr-186 (E.D. Wis.). A federal court should not intervene in pending federal criminal prosecutions where the petitioner has an adequate forum available for his federal claims. *See United States v. Pepito*, 861 F.2d 1006, 1009 (7th Cir. 1987). To be eligible for habeas corpus relief, a federal pretrial detainee must exhaust other available remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common law exhaustion applies to § 2241 actions). Any challenges Petitioner has regarding his pending criminal case must be raised in the criminal manner and then in an appeal to the Court of Appeals. After direct appeal, Petitioner may raise his claims in a petition for habeas corpus pursuant to 28 U.S.C. § 2255. In short, the petition will be dismissed without prejudice for failure to exhaust available remedies.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is dismissed without prejudice for failure to exhaust available remedies.

Dated this   20th   day of November, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
